## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 05 2019, 9:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

A. David Hutson
HUTSON LEGAL
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah J. Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerome Smith, *Appellant-Defendant,* | June 5, 2019 |
| v. | Court of Appeals Case No. 19A-CR-205 |
| | Appeal from the Clark Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Bradley B. Jacobs, Judge |
| | Trial Court Cause No. 10C02-1701-F3-3 |

**Bailey, Judge.**

# Case Summary

[1] Jerome Smith ("Smith") pled guilty to Dealing in Methamphetamine, as a Level 3 felony.[1] He presents a single issue on appeal: whether his seven-year sentence, with two years suspended to probation, is inappropriate. We affirm.

# Facts and Procedural History

[2] On January 4, 2017, Smith called a Jeffersonville, Indiana undercover police officer and agreed to deliver methamphetamine to a local motel. Smith arrived at the designated meeting place and, in exchange for $350.00, produced five individual packages that contained methamphetamine in the aggregate amount of eight grams. Smith was subsequently arrested and charged with dealing in methamphetamine and possession of methamphetamine.

[3] On November 28, 2018, Smith pled guilty to dealing in methamphetamine and the possession charge was dismissed. On January 17, 2019, the trial court sentenced Smith to seven years imprisonment, with two years suspended to probation. Smith now appeals.

---

[1] Ind. Code § 35-48-4-1.1.

# Discussion and Decision

[4] Pursuant to Indiana Code Section 35-50-2-5, the sentencing range for a Level 3 felony is three to sixteen years, with an advisory sentence of nine years. Smith received a sentence that is two years less than the advisory, with an additional two years suspended to probation. He asks that we revise his sentence to three years, entirely suspended to probation, in light of his guilty plea, medical issues, and difficult childhood. He focuses primarily upon his diagnoses of congestive heart failure and chronic kidney disease, arguing that his sentence is a de facto life sentence.

[5] We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). Here, the trial court recognized as aggravators that Smith has a significant criminal history and he was charged with crimes under other cause numbers in Kentucky and Indiana while on bond for this case. In mitigation, the trial court found that Smith pled guilty to the highest charge against him, he has poor health, and incarceration would cause him significant hardship. In imposing the less-than-advisory sentence, the trial court found that the mitigators slightly outweighed the aggravators.

Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224. Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

As to the nature of the offense, Smith contacted an undercover police officer to arrange a methamphetamine sale at a local motel, and then produced eight grams of methamphetamine. Dealing in methamphetamine is a Level 3 offense if the amount of methamphetamine involved is more than five grams and less than ten grams. I.C. § 35-48-4-1.1(d). Thus, Smith sold three grams more than the minimum amount qualifying as a Level 3 felony.

As to Smith's character, the decision to plead guilty indicates some acceptance of responsibility for his actions. However, he has a significant criminal history, consisting of thirteen misdemeanors and two felonies. Some of these convictions occurred while Smith was released on bond in this case; that is, he was charged with and convicted in Kentucky of fourth degree domestic assault,

an unlawful taking, and two counts of terroristic threatening. Also while on bond, he was convicted in Clark County, Indiana, of theft as a Level 6 felony. Finally, he was arrested on August 4, 2017, on Kentucky charges of second degree burglary and violating an emergency protective order or a domestic violence order.

[9] Smith does, as the trial court found, suffer from medical conditions that will increase the hardship of incarceration. The trial court imposed a lenient sentence of two years less than the advisory sentence, and suspended two years to probation. The nature of Smith's offense and his character do not militate toward further leniency. To the extent that Smith suggests the costs of incarcerating a terminally ill person outweigh any benefit to the public, or that his sentence should be reviewable on compassionate release grounds, these considerations are more properly directed to other branches of government.

## Conclusion

[10] Smith has not demonstrated that his sentence is inappropriate in light of the nature of his offense and his character.

[11] Affirmed.

Riley, J., and Pyle, J., concur.